UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:04CR-23-M**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**VS.**

**CHARLES L. BENNETT**                                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, Charles L. Bennett, to suppress evidence seized as a result of the search of his residence [DN 28, DN 39]. By Memorandum Opinion and Order entered December 8, 2005, the Court found that probable cause did not exist for the issuance of the search warrant and ordered the parties to submit additional briefs on the issue of whether the Leon good faith exception applies [DN 44]. The Court also permitted the parties to submit additional information regarding the knock and announce issue. The Defendant filed supplemental memoranda regarding the knock and announce issue [DN 46] and the good faith exception [DN 47]. The Government filed its memorandum regarding the good faith exception [DN 48] and also filed a response to the Defendant's memorandum regarding good faith [DN 49]. Fully briefed, these matters are ripe for decision.

*A. Leon Good Faith Exception*

**Background**

On April 13, 2003, Kentucky State Police Trooper Bobby Winters filed an application

for a search warrant for the residence of Charles Bennett located in St. Charles, Hopkins County, Kentucky. Trooper Winters submitted an affidavit in support of the application for a warrant in which he stated that he believed that controlled substances, materials used to manufacture or distribute methamphetamine or controlled substances, drug paraphernalia, or drug records could be found on the premises. As the basis for this belief, the affiant stated that

> On the 13th day of April, 2003, at approximately 2 p.m., affiant received information from: a joint operation conducted by KSP and Christian County Sheriff's Office working with a confidential informant who has provided reliable information concerning drug activities in the past. This informant was with "Tinker" Barnett on April 11, 2003 when Barnett purchased items to make or cook methamphetamine. "Tinker" Barnett told the informant that he was to take the materials to "Buddy" Bennett's address on Cal Hamby in St. Charles, Kentucky. The informant has seen Bennett and Barnett "cooking" methamphetamine in the recent past as late as this week. The informant was to come to Bennett's house April 13 or April 14, 2003 to get an "eightball" of methamphetamine as soon as Bennett and Barnett got this batch "cooked." The informant told officers that Bennett was picking up anhydrous ammonia on April 13, 2003 to bring to his house to "cook." Bennett is on bond for felony methamphetamine charges in the Hopkins Circuit Court.

A search warrant was issued on the same day authorizing the search of the residence. Upon execution of the search, the police found a sawed-off shotgun and explosive materials.

Defendant challenged the lawfulness of the police search of his residence arguing, among other things, that the affidavit was insufficient to establish probable cause and that the search warrant was executed without the officers knocking or otherwise announcing their official duty or intentions to execute a warrant.

In its December 8, 2005, Memorandum Opinion and Order, the Court held that given

the information contained in the affidavit, including "the 'veracity' and 'basis of knowledge' of persons supplying the hearsay information," there was not a "fair probability that contraband or evidence of a crime [would] be found [at the Defendant's residence]." Illinois v. Gates, 462 U.S. 213, 238 (1983). The Court found that the affidavit failed to provide sufficient facts to support an independent judicial determination that the unnamed informant was reliable. (Memorandum Opinion at 7.) Specifically, the Court stated that "[t]here are no averments about the length of the relationship between Trooper Winters and the informant; there are no averments about the nature of the information provided by the informant in the past; and there is not a suggestion that Trooper Winters disclosed the informant's true identity to the issuing judge." (Id. at 7.) As a result, the Court concluded that Trooper Winter's attestation that the informant had "provided reliable information concerning drug activities in the past" was too general to support the issuance of a warrant absent additional indicia of reliability. United States v. McCraven, 401 F.3d 693, 698 (6th Cir.), cert. denied, 126 S.Ct. 639 (2005). The Court further found that the affidavit failed to reflect that Trooper Winters corroborated significant parts of the informant's story. Finally, the Court concluded that, unlike the affidavit in United States v. Woosley, 361 F.3d 924 (6th Cir. 2004), the affidavit in the present case "contained no detailed description of what the informant observed first-hand at the residence in question." (Memorandum Opinion and Order at 9.) As a result, the Court concluded that probable cause did not exist for the issuance of the search warrant.

The question currently before the Court is whether the search of Bennett's residence

pursuant to a warrant issued without probable cause was nevertheless valid under the good faith exception to the exclusionary rule announced by the Supreme Court in United States v. Leon, 468 U.S. 897 (1984).

## Discussion

"When evidence is obtained in violation of the Fourth Amendment, the judicially developed exclusionary rule usually precludes its use in a criminal proceeding against the victim of the illegal search and seizure." Illinois v. Krull, 480 U.S. 340, 347 (1987). However, the Supreme Court has held that the exclusionary rule "should be modified so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." United States v. Leon, 468 U.S. 897, 905 (1984). "'[S]earches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search.'" United States v. Frazier, 423 F.3d 526, 533 (6th Cir. 2005)(quoting Leon, 468 U.S. at 922)(internal quotations omitted)). The Supreme Court in Leon identified four specific situations in which an officer's reliance on a subsequently invalidated warrant could not be considered to be objectively reasonable: "(1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; (2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; (3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and, (4) when the warrant is so facially deficient that

it cannot reasonably be presumed to be valid." United States v. Laughton, 409 F.3d 744, 748 (6th Cir. 2005)(citing Leon, 468 U.S. at 914-923); United States v. Weaver, 99 F.3d 1372, 1380 (6th Cir.1996)).

In the present case, there is no evidence that Trooper Winters provided false information to the magistrate or that the magistrate totally abandoned his judicial role. The warrant itself adequately described the place to be searched and the items to be seized. Therefore, the applicability of the good faith exception depends upon whether Trooper Winter's affidavit was so "lacking in indicia of probable cause that a belief in its existence is objectively unreasonable." Laughton, 409 F.3d at 748. In making this determination, the officer's subjective beliefs are irrelevant. United States v. Helton, 314 F.3d 812, 823 (6th Cir. 2003). The Court's inquiry "is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." Leon, 468 U.S. at 922 n. 23.

Affidavits that are "so lacking in indicia of probable cause" have come to be known as "bare bones" affidavits. See Laughton, 409 F.3d at 748 (citing Weaver, 99 F.3d at 1378; United States v. Van Shutters, 163 F.3d 331, 337 (6th Cir. 1998), cert. denied, 526 U.S. 1077 (1999); United States v. Washington, 380 F.3d 236, 241 (6th Cir.2004)). Such an affidavit contains only "suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." Weaver, 99 F.3d at 1378. The Sixth Circuit in United States v. Carpenter adopted the Fourth Circuit's interpretation of the "so lacking" language, finding that the standard by which an affidavit

should be judged for purposes of the good faith exception "'is a less demanding showing than the 'substantial basis' threshold required to prove the existence of probable cause in the first place.'" 360 F.3d 591, 595 (6th Cir.), cert. denied, 125 S.Ct. 261 (2004) (quoting United States v. Bynum, 293 F.3d 192, 195 (4th Cir.2002)). "If good faith reliance were judged by the substantial basis standard, . . . 'the exception would be devoid of substance.'" Laughton, 409 F.3d at 748 (quoting Carpenter, 360 F.3d at 595).

The Sixth Circuit observed that "the standard stated in Carpenter is consistent with the purpose and rationale of the exclusionary rule." U.S. v. Washington, 380 F.3d 236, 241 (6th Cir. 2004). According to the Sixth Circuit,

> [t]he Supreme Court has explained that the exclusionary rule is "a judicially created remedy designed to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved." Leon, 468 U.S. at 906. Excluding evidence deters constitutional violations by providing incentives for the police to seek warrants before executing a search. Thus, when the officers do in fact obtain a warrant, the purpose of the exclusionary rule has largely been served. While it is true that the police still have a duty to assess the affidavit upon which the warrant was based, we will, under Carpenter, exclude evidence in these situations only when the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Carpenter, 360 F.3d at 595.

Washington, 380 F.3d at 241-42.

Given the above case law, the Court concludes that the Winters affidavit is not so lacking in probable cause as to render official belief in its existence entirely unreasonable. While the warrant clearly lacked sufficient police corroboration of the informant's story or an attestation "with some detail" of the informant's reliability, a reasonable officer could

6

have believed that the affidavit provided other indicia of the informant reliability in the "detailed description of what the informant observed first-hand." United States v. McCraven, 401 F.3d 693, 697 (6th Cir.), cert. denied, 126 S.Ct. 639 (2005). The affidavit in question reflects that a known confidential informant who had provided reliable information regarding drug activities in the past informed Trooper Winters that the informant had seen "Tinker" Barnett and the Defendant cook methamphetamine during the week; the informant had accompanied "Tinker" Barnett on April 11, 2003, to purchase items to make methamphetamine; Barnett told the informant that he was taking the materials to Defendant's house to cook the methamphetamine; Barnett told the informant that Defendant was picking up the anhydrous ammonia on April 13 to bring to the Defendant's residence to cook the methamphetamine; and Barnett invited the informant to the Defendant's house to purchase some methamphetamine on April 13 or April 14.

Admittedly, the affidavit contained no description of what the informant observed first-hand at the place to be searched. However, the affidavit did contain first-hand observations by the informant and, significantly, some connection between the criminal activity at issue and the place to be searched. The Sixth Circuit has consistently found the good faith exception of Leon applicable in cases where the Court "determined that the affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched ... even if the information provided was not enough to establish probable cause." Carpenter, 360 F.3d at 596 (officer's good faith reliance on a warrant to search a residence was reasonable when the affidavit merely stated that a road connected it to a nearby

marijuana field). See also Van Shutters, 163 F.3d at 336 (officer's good faith reliance on a warrant to search the residence was reasonable where the affidavit described the residence and the suspect's criminal scheme but connected the place to the illegal activity only by stating that the residence "was available" to the suspect); United States v. Schultz, 14 F.3d 1093, 1098 (6th Cir.1994) (an officer reasonably relied on a warrant authorizing the search of a bank safety deposit box where the affidavit underlying the warrant connected the box and the defendant's drug trafficking only by stating that the officer's training and experience led him to believe that evidence would be located there). The Winters affidavit creates at least as strong a connection between the place to be searched and the evidence to be sought as the affidavits at issue in the above cases. Considering the affidavit in the present case in light of the above case law, the Court cannot say that a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization. Leon, 468 U.S. at 922 n. 23.

For these reasons, the Court concludes that Trooper Winters's affidavit was not "so lacking in probable cause" as to prevent application of the good faith exception. Therefore, Defendant's motion to suppress based on this argument is denied.

### *B. Knock and Announce*

Defendant asserts that his Fourth Amendment rights were violated when the officers executing the search warrant failed to knock and announce their presence before entering his residence. Absent exigent circumstances, the Fourth Amendment requires that law enforcement officers knock and announce their presence before entering a residence to

execute a search warrant. United States v. May, 399 F.3d 817 (6th Cir. 2005). The Defendant argues that he is entitled to a hearing on this matter. The Government argues that the officers did in fact knock and announce prior to entering the Defendant's residence. As a result, the Court will schedule a hearing on this issue.

### *C. Conclusion*

For the reasons set forth, **IT IS HEREBY ORDERED** that the motion by Defendant to suppress evidence for lack of probable cause [DN 28, DN 39, DN 47] is **denied. IT IS FURTHER ORDERED** that the Court will conduct an evidentiary hearing on the knock and announce issue on **January 20, 2006,** at **10:00 a.m., C.S.T.,** U.S. Courthouse, Owensboro, Kentucky.

cc: counsel of record
    U.S. Probation
    U.S. Marshall