UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CRIMINAL ACTION NO. 4:04CR-23-M**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**VS.**

**CHARLES L. BENNETT**                                                             **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant, Charles L. Bennett, to suppress evidence seized as a result of the search of his residence [DN 28, DN 46]. On January 30, 2006, a suppression hearing was held. There appeared James H. Barr for the United States and Scott Wendelsdorf, counsel for Defendant, Charles Bennett. Fully briefed, this matter is ripe for decision.

### Background

On April 13, 2003, Kentucky State Police Troopers Jason Newby and Bobby Winters, along with Kentucky State Police Sergeant Stacey Blackburn, executed a search warrant at the residence of Charles Bennett located in St. Charles, Hopkins County, Kentucky. The warrant authorized the search of the residence, outbuildings, a white feed truck, and any vehicles located on the property. Upon execution of the search, the police found a sawed-off shotgun and explosive materials in a semi-tractor trailer located on the Defendant's property. Defendant now moves to suppress the evidence obtained as a result of the search asserting that his Fourth Amendment rights were violated when the officers executing the search

warrant failed to knock and announce their presence before entering his residence.

## Discussion

Absent exigent circumstances, the Fourth Amendment requires that law enforcement officers knock and announce their presence before entering a residence to execute a search warrant. United States v. May, 399 F.3d 817, 826-827 (6th Cir. 2005). The purpose of the knock-and-announce rule is "'(1) the reduction of potential for violence to both the police officer and the occupants of the house into which entry is sought; (2) the needless destruction of private property; and (3) a recognition of the individual's right to privacy in his [or her] house.'" United States v. Bates, 84 F.3d 790, 794 (6th Cir. 1996) (citation omitted). "An integral part of the knock-and-announce rule is the requirement that officers wait a 'reasonable' period of time before physically forcing their way into a residence." United States v. Dice, 200 F.3d 978, 983 (6th Cir. 2000). Whether or not a particular length of time between the "knock and announce" and forcible entry is reasonable is a fact-sensitive inquiry. United States v. Spikes, 158 F.3d 913, 926 (6th Cir. 1998), cert. denied, 525 U.S. 1086 (1999).

During the suppression hearing, the witnesses presented contradictory testimony on the issue of whether the officers knocked and announced before forcibly entering the Defendant's residence. Kentucky State Police Trooper Jason Newby testified that he complied with the knock-and-announce requirement prior to entering the residence. Newby testified that as he approached the Bennett residence he observed someone in the living room through a window in the door. Newby knocked on the door and announced "state police,

search warrant." Defendant responded "hold on just a second." Newby testified that he again told Defendant that they were the state police, they had a search warrant, and that Defendant needed to open the door. Defendant again said "wait a minute" and began to walk away from the door. According to Newby, at the time of the initial knock the Defendant was two to three steps away from the door. Newby estimated that approximately 8 to 10 seconds passed from the time he announced his presence until he started to kick the door.

Kentucky State Police Detective Sergeant Stacey Blackburn confirmed the testimony of Newby. Blackburn testified that he heard Newby knock on the door and announce "Kentucky State Police, search warrant." Blackburn then heard movement inside the house and heard someone say "hold on a second." Blackburn further testified that the Defendant moved toward the door and then backed away from the door at which time Newby kicked the door. Trooper Bobby Winters also confirmed that he heard Newby and someone talk back and forth though the door. However, given the length of time that had passed since the search, Winters testified that he did not recall whether or not Newby knocked and announced his presence.

In contrast, Sherry Davis, Defendant's former girlfriend, testified that the officers did not knock and announce their presence prior to entering the residence. Davis testified that she was in the living room walking toward the front door and the Defendant was in the bedroom when the officers began kicking the door. Davis stated that as the officers began kicking the door, she was hit in the head by a falling clock causing her to back away from the door. Davis further testified that the officers continued to hit the door until the Defendant

3

let the officers in the residence.

When presented with contradictory testimony, this Court is charged with the duty to weigh the evidence and make a credibility determination. After reviewing the testimony at the hearing and the demeanor of the witnesses, the Court finds that the officers' recollection of the entry into the house more credible than Davis's account. The Court finds no reason to question the testimony of Trooper Newby who testified that he knocked and announced the officers' presence and requested entry. Further, Detective Blackburn confirmed that Trooper Newby knocked and announced before forcibly entering the residence. Crediting the testimony of the law enforcement officers, the Court finds that the law enforcement officers did knock and announce their presence before entering the residence.

While the Defendant has not challenged the duration of the waiting period, the Court finds that eight to ten seconds was a reasonable period of time for the officers to wait before forcing entry into the Defendant's home given the object of the search (drugs), Defendant's location at the time of the knock, and Defendant's movement away from the door after the announcement. See United States v. Pennington, 328 F.3d 215, 221 n. 3 (6th Cir. 2003)(noting that sounds of occupant moving away from a door is evidence that admission to the residence was not forth coming), cert. denied, 540 U.S. 1112 (2004). See also United States v. Johnson, 215 F.3d 1328, 2000 WL 712385 (6th Cir. May 30, 2000), cert. denied, 531 U.S. 1025 (2000). Accordingly, the Court finds that the law enforcement officers

complied with the knock-and-announce rule.[1]

Furthermore, in the Court's view, even if the officers failed to comply with the knock-and-announce rule prior to entering the Defendant's residence, this violation would not call into question the evidence seized from the semi-tractor trailer located on the Defendant's property. Defendant has not challenged either the entry into or the search of the semi-tractor trailer. The Court agrees with the Government that the alleged illegal no-knock entry of the house did not affect the search of the semi-tractor trailer. Segura v. United States, 468 U.S. 796 (1984)("Suppression is not justified unless 'the challenged evidence is in some sense the product of illegal governmental activity.'" Id. at 814 (citation omitted)). As a result, the exclusionary rule would not operate to bar the evidence in question.

## Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant to suppress the evidence [DN 28, DN 46] is **DENIED**.

cc: counsel of record

---

[1] Given the Court's decision with respect whether the officers knocked and announced their presence, the Court declines to address whether Davis's testimony that the Defendant actually opened the door to the home bars Defendant's claim that the officers violated the knock-and-announce rule. See United States v. Cantu, 230 F.3d 148 (5th Cir. 2000) ("[T]he knock-and-announce rule applies equally to forcible entry *attempts* as to the actual breaking open of a door or window to a house. Id. at 151); Richards v. Wisconsin, 520 U.S. 385 (1997).

5