

**FILED**

JEFFREY A. APPERSON, CLERK

**APR 1 1 2006**

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

UNITED STATES OF AMERICA                                          PLAINTIFF

vs.                                              NO. 4:04CR-23-M

CHARLES L. BENNETT                                               DEFENDANT

### UNITED STATES' PROPOSED INSTRUCTIONS

The United States requests the following jury instructions:

**SIXTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS:**

1.05 CONSIDERATION OF EVIDENCE

1.06 DIRECT AND CIRCUMSTANTIAL EVIDENCE

2.10 CONSTRUCTIVE POSSESSION

2.11 JOINT POSSESSION

### COUNT 1

**Possession of sawed-off shotgun, 26 U.S.C. §§ 5845(a)(d), 5861(d), 5871.**

Count 1 of the Indictment charges the Defendant with possession of an unregistered sawed-off shotgun.

The United States must prove the following:

**First,** defendant knowingly possessed a shotgun, which as modified, had barrel lengths of less than 18 inches;

**Second,** that the sawed-off shotgun was not registered to defendant in the National Firearms Registration and Transfer

Record;

**Third**, that the sawed-off shotgun does not meet the definition of an antique firearm.

It is not an antique firearm if it can use rim fire or conventional center fire shotgun shells or if it can fire shotgun shells which are readily available in stores; and

**Fourth**, the law does not require the shotgun to be operable, only that it be in a condition to be readily restored to fire a shotgun shell.

The parties have stipulated and agreed that the sawed-off shotgun was not registered to defendant in the National Firearms Registration and Transfer Record.

## COUNT 2

**Possession of explosive materials (detonators) while under indictment for a felony, 18 U.S.C. §§ 842(i)(1), 841(d)(f).**

Count 2 of the indictment charges the defendant with possession of fifty Kolmaster II Detonators electrical blasting caps while being under indictment in the Hopkins Circuit Court for a felony.

The United States must prove the following:

**First**, defendant knowingly possessed fifty Kolmaster II Detonators electrical blasting caps;

**Second**, that the detonators are explosives;

2

**Third,** that at the time of the possession, defendant was under indictment in the Hopkins Circuit Court for a felony; and

**Fourth,** that the detonators had been shipped and transported in interstate commerce.

The parties have stipulated and agreed that on April 13, 2003, defendant was under indictment in the Hopkins Circuit Court for a felony and that the detonators had been shipped and transported in interstate commerce from Pennsylvania.

## COUNT 3

**Improper storage of explosive materials, 18 U.S.C. §§ 842(j), 844(b), 27 C.F.R. § 555.**

Count 3 of the indictment charges the defendant with improper storage of explosive materials.

The United States must prove the following:

**First,** that defendant stored fifty Kolmaster II Detonators electrical blasting caps;

**Second,** that the detonators are explosive materials; and

**Third,** that the detonators were stored in a manner not in conformity with regulations promulgated by the Attorney General.

Requirements for storage in a semitrailer include: when it is unattended it must have the wheels removed, the exterior and doors are to be constructed of not less than 1/4-inch steel and lined with at least two inches of hardwood, each door is to be equipped

3

with two mortise locks, or two padlocks fastened in separate hasps and staples, or a combination of a mortise lock and a padlock, or a mortise lock that requires two keys to open, or a three-point lock.  Padlocks must have at least five tumblers and a case-hardened shackle of at least 3/8-inch diameter.  Padlocks must be protected with not less that 1/4-inch steel hoods constructed so as to prevent sawing or lever action on the locks, hasps, and staples.