FILED
Jeffrey A. Apperson, Clerk
APR 1 8 2006
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CRIMINAL ACTION NO. 4:04-CR-23-M**

**UNITED STATES OF AMERICA**            **PLAINTIFF**

**VS.**

**CHARLES L. BENNETT**            **DEFENDANT**

## JURY INSTRUCTIONS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding whether the Government has proven its case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions,



or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## BURDEN OF PROOF

The defendant is presumed innocent. The presumption of innocence remains with him unless the government presents evidence that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty. The defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence. Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, then say so by returning a guilty verdict. If you are not convinced, then say so by returning a not guilty verdict.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

You must remember that the indictment is not evidence of any guilt. It is simply the formal way the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt and you may not consider it as such. Furthermore, the following things are not evidence and you may not consider them in deciding what the facts are:

1) Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## STATE OF MIND

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

### CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have; any interest you may discern that

they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

All of these are matters for you to consider in deciding the facts.

## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons described as experts. Persons who, by education and experience, have become experts in some field may state their opinion on matters in that field and may also state their reasons for the opinion.

Expert opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the

## II. RULES OF LAW



## INSTRUCTION NO. 1

### Count 1 – Possession of Unregistered Sawed-off Shotgun

Count 1 of the Indictment charges that on or about April 13, 2003, in the Western District of Kentucky, the Defendant Charles L. Bennett knowingly possessed an unregistered sawed-off shotgun in violation of 26 U.S.C. § 5861(d) and § 5871.

For you to find the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

**First**, that the defendant, Charles L. Bennett, knowingly possessed a firearm; 

**Second**, that the firearm was a shotgun which had barrel lengths of less than 18 inches;

**Third**, that the defendant had knowledge of the characteristics of the firearm that brought it within the definition of a firearm under the National Firearms Act; and

**Fourth,** the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

The parties stipulate and agree that the sawed-off shotgun was not registered to defendant in the National Firearms Registration and Transfer Record, and that this element of the crime charged in Count 1 of the Indictment is not in dispute.

# INSTRUCTION NO. 2

## Definitions

The term "firearm" means "a shotgun having a barrel or barrels of less than 18 inches in length . . . . The term 'firearm' shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon."

The term "shotgun" means "a weapon designed . . . and intended to be fired from the shoulder and designed . . . to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of projectiles (ball shot) or a single projectile for each pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed shotgun shell."

The term "antique firearm" means "any firearm not designed or redesigned for using rim fire or conventional center fire ignition with fixed ammunition and manufactured in or before 1898 . . . and also any firearm using fixed ammunition manufactured in or before 1898, for which ammunition is no longer manufactured in the United States and is not readily available in the ordinary channels of commercial trade."

**NOT GUILTY**

## INSTRUCTION NO. 3

**Count 2 – Possession of Explosives While Under Indictment for a Felony**

Count 2 of the Indictment charges that on or about April 13, 2003, in the Western District of Kentucky, the Defendant Charles L. Bennett knowingly possessed fifty Kolmaster II Detonators electrical blasting caps while under indictment in the Hopkins Circuit Court for a felony in violation of 18 U.S.C. §842(i)(1).

For you to find the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

**No** **First,** that the defendant, Charles L. Bennett, knowingly possessed fifty Kolmaster II Detonators electrical blasting caps; **?**

✓ **Second,** that the detonators are explosives as defined in these instructions;

✓ **Third,** that the detonators had been shipped and transported in interstate commerce; and

✓ **Fourth,** that at the time of the possession, the defendant was under indictment for a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

The term "explosive" means any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniter cord, and igniters.

The term "detonator" means any device containing a detonating charge that is used

9

for initiating detonation in an explosive; the term includes, but is not limited to, electric blasting caps of instantaneous and delay types, blasting caps for use with safety fuses and detonating-cord delay connectors.

The parties stipulate and agree that the detonators had been shipped and transported in interstate commerce from Pennsylvania to Kentucky, and that this element of the crime charged in Count 2 of the Indictment is not in dispute.

The parties stipulate and agree that on April 13, 2003, the Defendant, Charles L. Bennett, was under indictment in the Hopkins Circuit Court for a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense, and that this element of the crime charged in Count 2 of the Indictment is not in dispute.

# INSTRUCTION NO. 4

## Possession – Defined

The government does not necessarily have to prove that the Defendant physically possessed the shotgun or the detonators for you to find him guilty of the crimes charged in Count 1 or Count 2. The law recognizes two kinds of possession -- actual possession and constructive possession. Either of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the Defendant had direct, physical control over the shotgun or detonators, and knew that he had control of it.

To establish constructive possession, the government must prove that the Defendant had the right to exercise physical control over the shotgun or detonators, and knew he had this right, and that he intended to exercise physical control over the shotgun or detonators at some time, either directly or through other persons.

For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the Defendant had actual or constructive possession of the shotgun or detonators, and knew that he did, for you to find that he possessed it. One more thing about possession. The government does not have to prove that the Defendant was the only one who had possession of the shotgun or detonators. Two or

11

more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the Defendant had either actual or constructive possession of the shotgun or detonators, and knew that he did, for you to find him guilty of the crimes.

# INSTRUCTION NO. 5

## Count 3 – Improper Storage of Explosive Materials

 NOT guilty

Count 3 of the Indictment charges that on or about April 13, 2003, in the Western District of Kentucky, the Defendant Charles L. Bennett improperly stored explosive materials in violation of 18 U.S.C. §842(j).

For you to find the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

No **First,** that the defendant, Charles L. Bennett, knowingly stored fifty Kolmaster II Detonators electrical blasting caps;

✓ **Second,** that the detonators are explosive materials as defined in these instructions; and

✓ **Third,** that the detonators were stored in a manner not in conformity with regulations promulgated by the Attorney General.

"Explosive materials" means explosives, blasting agents and detonators.

Requirements for storage of explosive materials in a semitrailer include: when it is unattended it must have the wheels removed, the exterior and doors are to be constructed of not less than 1/4-inch steel and lined with at least two inches of hardwood, each door is to be equipped with two mortise locks, or two padlocks fastened in separate hasps and staples, or a combination of a mortise lock and a padlock, or a mortise lock that requires two keys to open, or a three-point lock. Padlocks must have at least five tumblers and a case-hardened

13

shackle of at least 3/8-inch diameter. Padlocks must be protected with not less than 1/4-inch steel hoods constructed so as to prevent sawing or lever action on the locks, hasps, and staples.

## INSTRUCTION NO. 6

The word "knowingly," as that term has been used from time to time in these instructions means that the acts were done voluntarily and intentionally, not because of mistake or accident.

## INSTRUCTION NO. 7

The Indictment charges that the crime occurred "on or about" a certain date. Although the government does not have to prove with certainty the exact date of the alleged offense, the government must prove that the offense was committed on a date reasonably near the date alleged.

# INSTRUCTION NO. 8

If you decide that the government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Your job is to look at the evidence and decide if the government has proved the Defendant guilty beyond a reasonable doubt.

## III. JURY DELIBERATIONS

I come now to the last part of the instructions, the rules for your deliberations.

### UNANIMOUS VERDICT

When you retire, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court. Your verdict, whether it is guilty or not guilty, must be unanimous. To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt. To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt. Either way, guilty or not guilty, your verdict must be unanimous.

### REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with each other, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks

at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## RETURN OF VERDICT FORM

After you have reached unanimous agreement on a verdict, your foreperson will fill in the verdict form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.

## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.